UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: PACKAGED SEAFOOD PRODUCTS
ANTITRUST LITIGATION

MDL No. 2670

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in one action pending in the Southern District of California moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Southern District of California. The litigation consists of nine actions listed on Schedule A. Additionally, the Panel has been notified of 44 related actions pending in four districts.[1]

All responding parties support centralization, but disagree as to the appropriate transferee district for this litigation. Plaintiffs in six actions and twenty potential tag-along actions pending in the Southern District of California, the Southern District of Mississippi, the Northern District of Florida, and the Eastern District of Arkansas support the motion. Plaintiffs in two actions and four potential tag-along actions pending in the Northern District of California and defendant StarKist Co. (StarKist) suggest centralization in the Northern District of California. The remaining responding defendants[2] support centralization and take no position on the appropriate transferee district but note that a California location would be convenient for most of the parties.

_____

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Bumble Bee Foods, LLC, Tri-Union Seafoods, LLC, and King Oscar, Inc. StarKist initially shared this position but now supports centralization in Northern District of California due to objections by several MDL No. 2670 plaintiffs to a pending settlement in the Northern District of California *Hendricks* action—a consumer class action brought by purchasers of StarKist packaged seafood products who allege that StarKist under-filled its five ounce cans of tuna. *See Hendricks v. StarKist Co.*, Case No. 3:13-cv-0729 (N.D. Cal.). StarKist argues that (1) the objecting plaintiffs are seeking discovery in *Hendricks*, (2) *Hendricks* and MDL No. 2670 likely will involve common questions of fact and overlapping claims, and (3) the prospect of the MDL No. 2670 actions proceeding before a judge other than Judge Haywood S. Gilliam, Jr., who presides over *Hendricks*, puts StarKist at risk of inconsistent rulings and prejudice.

-2-

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of an alleged conspiracy by defendants—the three largest producers of packaged seafood products in the U.S. with an alleged collective market share of more than 70%—to fix prices of packaged seafood products. The alleged anticompetitive conduct is the subject of an ongoing criminal investigation by the U.S. Department of Justice. The actions assert overlapping putative nationwide classes of direct or indirect purchasers of packaged seafood products, and all actions assert violations of Section 1 of the Sherman Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

All parties agree that centralization in a district court in California would be most convenient. We select the Southern District of California as the transferee forum. The vast majority of the related actions already are pending in this district, most before Judge Janis L. Sammartino, who has related the cases before her. Moreover, three defendants are headquartered in this district and, therefore, relevant documents and witnesses are likely to be found there. We are not persuaded that the presence of the *Hendricks* action before Judge Haywood S. Gilliam, Jr. in the Northern District of California necessitates centralization in that district. Judge Gilliam can handle the MDL No. 2670 plaintiffs' concerns about the *Hendricks* settlement through the usual process of settlement objections and approval. To the extent any discovery sought by the objecting plaintiffs in *Hendricks* is common between *Hendricks* and MDL No. 2670, Judge Gilliam, Judge Sammartino, and the parties can coordinate to minimize any disruption and expense.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Janis L. Sammartino for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
———————————————
Sarah S. Vance
Chair

Charles R. Breyer        Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

IN RE: PACKAGED SEAFOOD PRODUCTS
ANTITRUST LITIGATION                                    MDL No. 2670

## SCHEDULE A

<u>Northern District of California</u>

AFFILIATED FOODS, INC. v. TRI-UNION SEAFOODS, LLC, ET AL.,
  C.A. No. 3:15-03815
PIGGLY WIGGLY ALABAMA DISTRIBUTING CO., INC. v. BUMBLE BEE FOODS,
  LLC, ET AL., C.A. No. 3:15-03906

<u>Southern District of California</u>

OLEAN WHOLESALE GROCERY COOPERATIVE, INC., ET AL. v. BUMBLE BEE
  FOODS LLC, ET AL., C.A. No. 3:15-01714
PACIFIC GROSERVICE, INC. v. BUMBLE BEE FOODS LLC, ET AL.,
  C.A. No. 3:15-01791
YOUNGBLOOD v. BUMBLE BEE FOODS LLC, ET AL., C.A. No. 3:15-01863
CAPITOL HILL SUPERMARKET v. BUMBLE BEE FOODS LLC, ET AL.,
  C.A. No. 3:15-01867
MATTHEWS v. BUMBLE BEE FOODS LLC, ET AL., C.A. No. 3:15-01878
WALNUM v. BUMBLE BEE FOODS LLC, ET AL., C.A. No. 3:15-01887

<u>Southern District of Mississippi</u>

HARVESTERS ENTERPRISES, LLC v. BUMBLE BEE FOODS LLC, ET AL.,
  C.A. No. 3:15-00628

I hereby attest and certify on 12-10-15
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy